**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **ROBERT TOVAR,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Cause No. EP-25-CV-270-KC** |
| | § | |
| **CHARISMA EDGE, Warden,** | § | |
| **Respondent.** | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Petitioner Robert Tovar, federal prisoner number 20752-180, challenges the execution of his sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1. His opposed petition is denied.

**BACKGROUND**

Tovar is a 50-year-old federal prisoner confined at the La Tuna Federal Correctional Institution in Anthony, Texas, which is within the jurisdiction of this Court. *See* www.bop.gov/inmateloc (search for Reg. 20752-180, last visited Mar. 9, 2026). His projected release date is April 26, 2032. *Id.*

Tovar was arrested on December 23, 2020, for drug trafficking. *United States v. Tovar*, 2:20-cr-01688-AM (W.D. Tex.), Docket Entry. He pled guilty on June 24, 2021, to conspiracy to distribute more than 50 grams of methamphetamine. *Id.*, Re-arraignment, ECF No. 143. He was sentenced to 168 months' imprisonment followed by five years' supervised release on February 1, 2024. *Id.*, J. Crim. Case, ECF No. 272. He was received into custody at his designated Bureau of Prisons (BOP) facility on May 9, 2024. Gov't's Resp., Ex. 1 (Decl. of Christine Wohld), ECF No. 5-2 at ¶ 5.

In his § 2241 petition, Tovar challenges the failure by the BOP to award him First Step Act Earned Time Credits (FTCs) for his time in federal custody between December 9, 2020, and May

9, 2024. *Id.* at 1–2. He asks the Court to intervene on his behalf and order Respondent Chrisma Edge to award him all the FTCs he believes that he is due. *Id.* at 5.

<strong>STANDARD OF REVIEW</strong>

A prisoner may attack "the manner in which his sentence is carried out or the prison authorities' determination of its duration" through a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a prisoner must show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

Before a prisoner may file a cognizable § 2241 petition in a federal court, he must generally exhaust all his available administrative remedies. *Fillingham v. United States*, 867 F.3d 531, 535 (5th Cir. 2017). His exhaustion in this context means "proper exhaustion," including his compliance with all administrative deadlines and procedures established by the agency with custody over him. *Cf. Woodford v. Ngo*, 548 U.S 81, 90 (2006) (discussing exhaustion in the context of the Prison Litigation Reform Act).

While there are exceptions to the exhaustion requirement "where the available administrative remedies either are unavailable or wholly inappropriate to the relief a prisoner seeks, or where the attempt to exhaust such remedies would itself be a patently futile course of action," such exceptions apply only in "extraordinary circumstances." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (citations omitted). A petitioner bears the burden of demonstrating such circumstances.

<strong>ANALYSIS</strong>

**A. Exhaustion**

Tovar's habeas petition does not discuss any steps that he took to exhaust his administrative remedies. Pet'r's Pet., ECF No. 1. His petition is also silent as to why he failed to do so. A search of his administrative remedy history shows that he has not filed any administrative remedies while in BOP custody. Gov't's Resp, Ex. 1 (Decl. of Christine Wohld), ECF No. 8-2 at ¶ 15.

The Fifth Circuit has long held that the BOP should be afforded the opportunity to rectify the error if failed to properly calculate a sentence. *See Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991) (explaining that an agency should be given the opportunity to correct its own errors before a party seeks judicial intervention). "In the event that a prisoner feels he has been improperly refused credit for time he has served in … custody, the prisoner must first 'seek administrative review of the computations of [his] credit, and, once [he has] exhausted [his] administrative remedies, [the] prisone[r] may only then pursue judicial review of these computations.'" *United States v. Setser*, 607 F.3d 128, 133 (5th Cir. 2010) (quoting *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992)), *aff'd*, 566 U.S. 231 (2012); *see also Falcetta v. United States*, 734 F. App'x 286, 287 (5th Cir. 2018) (holding that "dismissal for lack of jurisdiction was appropriate because [the petitioner] failed to show that he exhausted his sentencing credit claim fully through the multi-step BOP exhaustion procedure prior to filing his § 2241 petition.").

The Court notes that the BOP was not afforded an opportunity to rectify any purported error as Tovar did not try to exhaust administrative remedies. Consequently, the Court finds that Tovar has failed to (1) exhaust his administrative remedies or (2) meet his burden of demonstrating an entitlement to an exception to the exhaustion requirement. The Court also finds

that it lacks statutory or constitutional authority to adjudicate his dispute with the BOP. It notes that dismissal on this basis alone is warranted. *See Rivkin v. Tamez*, 351 F. App'x 876, 877–78 (5th Cir. 2009) (per curiam) (affirming dismissal of prisoner's § 2241 petition for failure to exhaust administrative remedies).

But even if Tovar had properly exhausted, the Court would still not grant him the § 2241 habeas relief he seeks.

### B. Eligibility for First Step Act Earned Time Credits

The First Step Act creates incentives to encourage prisoners to participate in Evidence Based Recidivism Reduction (EBRR) programs and Productive Activities (PAs). 18 U.S.C. § 3632(d). It gives qualifying prisoners the opportunity to earn ten additional days of FTCs for every 30 days of successful participation in EBRR programs and PAs. *Id.* § 3632(d)(4)(A)(i). It allows qualifying offenders at a "minimum" or "low risk" of recidivating to earn an additional five days of FTCs if they did not increase their risk levels over two consecutive assessments. *Id.* § 3632(d)(4)(A)(ii). It permits qualifying inmates to apply FTCs toward prerelease community-based placement in a RRC or home confinement. 18 U.S.C. § 3624(g)(2); 28 C.F.R. § 523.44(b)–(c). And, at the discretion of the BOP Director, it permits qualifying prisoners to apply the FTCs toward their early release to supervision. 18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d).

Tovar alleges that he is entitled to FSA time credits from December 9, 2020, to May 9, 2024. Pet'r's Pet., ECF No. 1 at 1. However, according to BOP records, Tovar was not arrested until December 23, 2020. Gov't's Resp., Ex. 1 (Decl. of Christine Wohld), ECF No. 5-2 at ¶ 5; *Id.*, Attach. 2 (Public Information Inmate Data), ECF No. 5-4 at 3 (indicating jail time credit from 12-23-2020 to 1-23-2024). Tovar was not sentenced until January 24, 2024. Pet'r's Pet., ECF No.

1 at 1. Therefore, Tovar was in Marshals Service custody during his criminal proceedings prior to his sentencing between December 23, 2020, and January 23, 2024.

According to 18 U.S.C. § 3632(d)(4)(B)(ii), "[a] prisoner may not earn time credits … during official detention prior to the date that the prisoner's sentence commences." Accordingly, § 3632(d)(4)(B)(ii) precludes Tovar from earning any FTCs before he was sentenced on January 24, 2024.

Additionally, after his sentence, Tovar continued Marshals Service custody until May 2, 2024, when he arrived at a BOP holdover facility. Pet'r's Pet., ECF No. 1 at 1. Tovar did not arrive at his designated BOP facility until May 9, 2024. *Id.*

Tovar makes an unsupported statement that he has been participating in necessary EBRR and/or PAs even before he was arrested or in BOP custody. Nonetheless, the opportunity for such programming was not available until he arrived at his designated BOP facility on May 9, 2024. As a result, he is not entitled to the FTCs he claims in his petition.

## CONCLUSION AND ORDERS

The Court concludes that Tovar has failed to exhaust his administrative remedies. The Court further concludes that Tovar has failed to establish that the BOP erred when it determined he was ineligible to receive FTCs for the time he was in federal custody between December 9, 2020, and May 9, 2024. The Court finally concludes that Tovar cannot meet his burden of showing that he is in custody in violation of the Constitution or laws or treaties of the United States. The Court accordingly enters the following orders:

**IT IS ORDERED** that Petitioner Robert Tovar's "Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241" (ECF No. 1) is **DENIED** and his cause is **DISMISSED**

5

**WITHOUT PREJUDICE** for failure to exhaust his administrative remedies.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED this 9th day of March, 2026.**

**KATHLEEN CARDONE**
**UNITED STATES DISTRICT JUDGE**